J-S53008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY W. KUHNS, II | |
| Appellant | No. 2045 MDA 2015 |

Appeal from the Order Entered November 9, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001956-2014

BEFORE:  BOWES, SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 25, 2016**

Timothy Kuhns appeals from the trial court's order denying his motion for return of property.  We affirm.

On October 21, 2014, Appellant was charged in this criminal action with one count of animal cruelty in violation of 18 Pa.C.S. § 5511(a)(2.1)(i)(A).  That provision states in pertinent part that a person commits a misdemeanor if he maims, mutilates, tortures or disfigures a dog. The charge stemmed from statements made by Monica Houser, Appellant's then live-in girlfriend, to Humane Society Police Officer Lawrence Woltz. Officer Woltz met with Ms. Houser after receiving reports about an injured pit bull puppy owned by Appellant.  According to Officer Woltz, Ms. Houser told him the following.  At approximately 6:00 p.m., on October 10, 2014,

_____

* Former Justice specially assigned to the Superior Court.

Ms. Houser saw Appellant throw his pit bull puppy against a wall, breaking its leg. Ms. Houser reported that she tended to the dog that night and that it was in considerable pain. Ms. Houser indicated that Appellant did not seek veterinary care for the pit bull until the next morning, when the dog was administered pain medication and underwent surgery for a fractured shoulder. On October 14, 2014, Officer Woltz seized the dog pursuant to a warrant, and the animal has since remained in the possession of the Society for the Prevention of Cruelty to Animals.

On September 24, 2015, Appellant proceeded to a jury trial on the criminal charge. When called as a witness, Ms. Houser' testimony was materially different from what she told Officer Woltz in that she denied seeing how the dog was injured. The trial court determined that the cause of the dog's broken shoulder had not been proven, and it granted Appellant's motion for judgment of acquittal.

Subsequently, Appellant filed in this criminal action a motion for return of the dog pursuant to Pa.R.Crim.P. 588(A) ("A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof."). On November 9, 2015, following a hearing on the motion, the trial court denied Appellant's request and issued a corresponding opinion. Therein, the court found the dog to be derivative contraband held pursuant to 18 Pa.C.S. § 5511(c)(1). That statute provides,

in pertinent part, "[a] person commits an offense if he wantonly or cruelly . . . neglects any animal as to which he has a duty of care . . . or deprives any animal of necessary veterinary care." 18 Pa.C.S. § 5511(c)(1). The court reasoned that Appellant was not entitled to the dog, as follows:

> Clearly, once [Appellant] became aware of the fact that his dog had suffered a very serious injury causing the dog to be immediately lame and to subsequently cry for an entire evening despite being comforted, [Appellant] had a duty of care to immediately seek necessary veterinary care. [Appellant] failed to do so, thus violating the statute. Because the dog was being held in violation of the statute, it is therefore derivative contraband.

Trial Court Order Opinion, 11/9/15, at 4. This timely appeal followed.

Appellant presents one issue for our evaluation, "Did the trial court abuse its discretion when it determined that the canine was derivative contraband and denied the Appellant's motion for return of property?" Appellant's brief at 13. Our standard of review is clear:

> The standard of review applied in cases involving motions for the return of property is an abuse of discretion. In conducting our review, we bear in mind that it is the province of the trial court to judge the credibility of the witnesses and weigh the testimony offered. It is not the duty of an appellate court to act as fact-finder, but to determine whether there is sufficient evidence in the record to support the facts as found by the trial court.

***Commonwealth v. Durham***, 9 A.3d 641, 645 (Pa.Super. 2010) (citations omitted).

Under Pa.R.Crim.P. 588, the party seeking the property initially "must establish by a preponderance of the evidence entitlement to lawful

possession. Once that is established, unless there is countervailing evidence to defeat the claim, the moving party is entitled to the return of the identified property." *Id*. at 645 (citation omitted). A claim for return of property can be defeated if another party establishes that he or she is legally entitled to possess the property. Additionally, the "Commonwealth can seek forfeiture claiming that property for which return is sought is derivative contraband." *Id*. The Commonwealth's right to seek forfeiture is not dependent upon success in the underlying criminal action. *Commonwealth v. Anthony*, 4613 A.2d 581, 583-84 (Pa.Super. 1992) ("Regardless of whether a conviction can be gained from the evidence, the Commonwealth may seek to forfeit property as long as it establishes that the property constitutes contraband.").

The Commonwealth must prove that the property is contraband by a preponderance of the evidence. *Durham*, *supra*. An item can be contraband *per se* if it is illegal to own in and of itself. Additionally, the Commonwealth can obtain forfeiture of derivative contraband. "Derivative contraband is property which is innocent in itself but which has been used in the perpetration of an unlawful act. Property is not derivative contraband, however, merely because it is owned or used by someone who has been engaged in criminal conduct. Rather, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity." *Durham*, *supra* at 646 (citation omitted).

- 4 -

In the case *sub judice*, it is undisputed that Appellant is the owner of the dog in question. Appellant avers that the Commonwealth failed to prove by a preponderance of the evidence that any criminal activity occurred. It is Appellant's position that there was insufficient evidence to support the trial court's conclusion that he violated 18 Pa.C.S. § 5511(c)(1). He notes that he took the animal to a veterinarian in the morning and paid to have the injuries repaired.

At the outset, we note that this Court has determined that a violation of 18 Pa.C.S. 5111(c)(1) requires a *mens rea* of wanton or cruel. **See Commonwealth v. Shickora**, 116 A.3d 1150, 1156 (Pa.Super. 2015) ("The culpability requirement of Section 5511 is wantonness or cruelty."); **See also Commonwealth v. Tomey**, 884 A.2d 291, 295 (Pa.Super. 2005) (holding that the evidence was sufficient to support trial court's determination that the Appellant acted wantonly when he deprived his dogs of access to clean and sanitary shelter). This Court has defined "wanton" in the animal cruelty context as "unreasonably or maliciously risking harm while being utterly indifferent to the consequences." **Shickora**, **supra** at 1157.

While the trial court noted that there was no proof about how the puppy was injured, preventing Appellant's conviction for maiming or torturing or disfiguring the animal, the court nevertheless credited testimony from Ms. Houser that Appellant failed to care for the dog when it was

immediately evident that veterinary care was required for its injury.[1]  Ms. Houser's testimony was sufficient proof to support the trial court's conclusion that Appellant wantonly failed to seek immediate, and necessary, veterinary care for the pit bull.  Specifically, Ms. Houser, even though declining to identify the cause of the dog's injuries, testified that, after the injury, the dog was in pain, "moped and whined," was incapable of walking, and could not relieve itself without help. N.T.Trial, 12/24/15, at 30.  The dog was whimpering and holding up its paw in pain.  This behavior continued "throughout the night." *Id*. at 31.

_____

[1] In its Pa.R.A.P. 1925(a) opinion, the trial court stated the following:

> Although the court found the evidence presented at Appellant's criminal trial was insufficient for a jury to find beyond a reasonable doubt that Appellant willfully an maliciously maimed, mutilated, tortured, or disfigured the puppy in violation of 18 Pa.C.S. § 5511(2.1)(i)(A), the evidence presented in opposition to his motion for return of property was sufficient to establish by a preponderance of the evidence that Appellant was aware that the puppy was injured and in need of immediate veterinary care.
>
> The puppy could not put any weight on his front right leg and he would not stop whimpering and crying. Appellant's girlfriend realized that the puppy was seriously injured. She tried to get Appellant to immediately take the puppy for veterinary care, but Appellant refused to do so. The puppy suffered throughout the night[.]

Trial Court Opinion, 3/3/16, at 1.

- 6 -

Ms. Houser also reported that Appellant denied that the dog was seriously injured and went to bed instead of helping her to care for the animal. Thus, Appellant unreasonably risked harm to his dog by exhibiting indifference to the consequences of the injury. Likewise, Appellant failed to take the necessary steps to care for the dog at the time that care became necessary. The symptoms displayed by the dog when it was injured indicated that it required immediate medical attention that evening. It was in pain all night. Consequently, there was a sufficient nexus between the dog and Appellant's transgression so as to render the dog derivative contraband.

In conclusion, the trial court did not abuse its discretion when it determined the dog was derivative contraband and denied Appellant's motion for return of property. The trial court appropriately considered all of the evidence and found by competent evidence that Appellant violated 18 Pa.C.S. § 5511(c)(1). Careful review of the record reveals ample support for the trial court's decisions, and this Court can discern of no abuse of discretion

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2016